IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE STAAB, | ) | |
| Plaintiff | ) | C.A. No. 15-72 Erie |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | Magistrate Judge Baxter |
| DEPARTMENT OF TRANSPORTATION | ) | |
| OF THE COMMONWEALTH OF | ) | |
| PENNSYLVANIA, et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' partial motion to dismiss Plaintiff's third amended complaint pursuant to FRCP(b)(6) be granted.

### II. REPORT

#### A. Relevant Procedural History

Plaintiff Valerie Staab initiated this action on March 4, 2015, by filing a complaint pursuant to 42 U.S.C. § 1983, and the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421, *et seq.* ("Whistleblower Law"). [ECF No. 1]. On October 30, 2015, Plaintiff filed a first amended complaint [ECF No. 13], adding a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). Plaintiff subsequently filed a second amended complaint on December 22, 2015 [ECF No. 18], and a third amended complaint on January 27, 2016 [ECF No. 23], the latter of which supersedes all other complaints and is the operative pleading in this case. Named as Defendants are the Department of Transportation of the

Commonwealth of Pennsylvania ("PennDOT"); William Petit, District Director of District I of PennDOT ("Petit"); Scott Young, Assistant Director of District I of PennDOT ("Young"); Michael Marshall, Labor Relations Coordinator for District I of PennDOT ("Marshall"); and Patricia Snyder, Human Relations Director for District I of PennDOT ("Snyder"). For ease of reference, all Defendants other than Defendant PennDOT will be collectively referred to as "individual Defendants." and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"),

Plaintiff's claims arise from the circumstances surrounding the termination of her employment with Defendant PennDOT on Septenmber 5, 2014. In particular, Plaintiff asserts that: (1) Defendants retaliated against her for exercising her First Amendment rights (Count I); (2) Defendants terminated her employment because of her political affiliation in violation of her First and Fourteenth Amendment rights (Count II); (3) the individual Defendants discriminated against her for making good faith reports of waste and wrongdoing, in violation of the Whistleblower Law (Count III); and (4) Defendants discriminated against her on the basis of her gender in violation of Title VII (Count IV). As relief for her claims, Plaintiff seeks reinstatement to her prior position, injunctive relief, compensatory and punitive damages, and costs and attorney's fees.

On February 9, 2016, Defendants filed a partial motion to dismiss Plaintiff's third amended complaint [ECF No. 24], pursuant to which Defendants seek dismissal of Counts I and II as to Defendant PennDOT, Count III as to Defendant PennDOT and the individual Defendants in their official capacities, and Count IV as to the individual Defendants only. Plaintiff has since

filed a brief in partial opposition to Defendants' partial motion to dismiss [ECF No. 28], in which Plaintiff concedes the dismissal of Counts I and II as to Defendant PennDOT, and concedes as moot the dismissal of Count IV as to the individual Defendants because no Title VII claims were intended to be brought against said Defendants; however, Plaintiff opposes dismissal of Count III. Thus, Defendants' motion to dismiss Count III is the only matter presently before this Court, and is now ripe for consideration.

### B. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Discussion

Defendants argue that Plaintiff's claims under the Whistleblower Law against Defendant

4

PennDOT and the individual Defendants in their official capacities must be dismissed on the basis of Eleventh Amendment immunity. In support of their argument, Defendants cite Aguilar v. Pa. Apple Mktg. Program, 2006 WL 167820, at *4 (M.D. Pa. Jan. 19, 2006) (The Whistleblower Law "does not expressly abrogate Eleventh Amendment immunity for suit in federal court"). To the contrary, Plaintiff counters that Pennsylvania waived its sovereign immunity by enacting the Whistleblower Law, citing Halstead v. Motorcycle Safety Foundation, Inc., 71 F.Supp.2d 464, 471-72 (E.D. Pa. 1999) ("it is clear the Pennsylvania legislature effectively abrogated the Commonwealth's sovereign immunity when it enacted the Whistleblower Law"). Thus, on the surface, it appears that there is a conflict between the district courts' interpretations of the Whistleblower Law; however, upon closer inspection, this appearance is misleading.

As the Eastern District Court recently made clear in Bradley v. West Chester Univ. of Pennsylvania, 2016 WL 1578776 at *4 n. 2 (E.D. Pa. Apr. 19, 2016), "Halstead specifically distinguished between Eleventh Amendment immunity and state sovereign immunity; the language Plaintiff quotes applied only to the court's discussion of state sovereign immunity. 71 F.Supp.2d at 470." Thus, the Bradley court clarified that, "'a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation.'" Id, quoting Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999)." Thus, Plaintiff's reliance on Halstead is misplaced.[1] More importantly, after finding no Third Circuit

---

[1] In further support of her argument that her claims against Defendants are not barred by Eleventh Amendment immunity, Plaintiff also cites the following Pennsylvania District Court cases: Cindrich v. Fisher, 2006 WL 931616 (W.D. Pa. Apr. 10, 2006); Kovac v. Pennsylvania Turnpike Commission, 2009 WL 2475122 (W.D. Pa. Aug. 11, 2009); Abuomar v. Pa. Dep't of Corr., 2015 WL 2073783 (M.D.Pa. May 4, 2015); Moyer v. Pa. Turnpike

Court precedent directly addressing whether the Eleventh Amendment bars a federal court from hearing Whistleblower Law claims against state employees, the Bradley court essentially aligned with the Aguilar court and found that Whistleblower Law claims are barred by Eleventh Amendment immunity. Bradley, at *7.

Like the Eastern District Court in Bradley, this Court has found no authoritative Third Circuit Court decision that directly addresses the application of Eleventh Amendment immunity to Whistleblower Law claims. However, the Third Circuit Court has issued a non-precedential opinion affirming, but not specifically addressing, the Western District Court holding that the Eleventh Amendment bars Whistleblower claims against state employees sued in their official capacities. Aubrecht v. Pa. State Police, 2009 WL 793634, at *9 (W.D. Pa. Mar. 23, 2009), aff'd 389 Fed. Appx. 189 (3d Cir. 2010). In light of this affirmation, as well as the preponderance of authority from all three districts of this Circuit, this Court finds that Plaintiff's Whistleblower Law claims against Defendant PennDOT and the individual employees in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' partial motion to dismiss Plaintiff's third amended complaint be granted, and that the following claims be dismissed: Counts I and II against Defendant PennDOT only; Count III against Defendant

---

Commission, 2010 WL 5174963 (M.D.Pa. Dec. 15, 2010); Dennison v. Pa. Dep't of Corr., 268 F.Supp.2d 387 (M.D.Pa. 2003); Pa. State Troopers Ass'n. v. Pawlowski, 2010 WL 2490774 (M.D.Pa. June 16, 2010); Wise v. Dep't of Transportation, 2010 WL 3809858 (W.D.Pa. Sept. 23, 2010); and Sullivan v. Houston, 928 F.Supp. 521 (M.D.Pa. 1996). However, while each of these cases allowed Whistleblower Law claims to proceed against Pennsylvania state defendants, none of them addressed the application of Eleventh Amendment immunity.

PennDOT and the individual Defendants in their official capacities; and Count IV against the individual Defendants, to the extent any claim may be construed against said Defendants.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Date: August 19, 2016

cc: The Honorable Barbara Rothstein
United States District Judge